IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01284-CMA-MEH

RONALD EMMETT KNEEN,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
HERB SPIWAK, in his personal and official capacities, C.C.A. Corporation,
JOHN FERGUSON, in his personal and official capacities, C.C.A. Corporation,
JUDY BRIZENDINE, in her personal and official capacities, C.C.A. - Crowley,
D. SMELSER, in his personal and official capacities, Warden, C.C.A. - Crowley,
ARISTEDES ZAVARAS, in his personal and official capacities, Director, Colorado D.O.C.,
PAMELA J. PLOUGHE, in her personal and official capacities, Warden, Colorado D.O.C.,
JOANIE SHOEMAKER, in her personal and official capacities, Clinical Services, C.D.O.C.,
JOYCE CROUNK, in her personal and official capacities, Clinical Services, Colorado Territorial Correctional Facility, Colorado, D.O.C.,
DR. LOUIS CABLING, in his personal and official capacities,
DR. ATUL VAHIL, in his personal and official capacities,
MARY KAY CARTER, in her personal and official capacities, Nurse Practitioner, Colorado Territorial Correctional Facility, Colorado D.O.C., and
JILL OLVEY, in her personal and official capacities, Nurse Practitioner, Colorado Territorial Correctional Facility, Colorado D.O.C.

    Defendants.

## ORDER GRANTING MOTION FOR REFERRAL FOR REPRESENTATION

    Before the Court is Plaintiff's Motion Requesting Court to Refer Case for Representation [filed September 2, 2010; docket #33]. Plaintiff requests that the Court refer his case to its volunteer counsel list. The Court does not have the power to appoint an attorney over his or her objection, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Absent the power to appoint counsel to a case, the Court can only seek

volunteer counsel to represent a plaintiff such as this Plaintiff. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

Here, the Plaintiff contends that, due to stage IV liver disease, he is experiencing severe physical and mental problems, including dulled mental function, unresponsiveness, forgetfulness, trouble concentrating, insomnia, severe depression and nausea/vomiting. Based on the nature of Plaintiff's physical and mental state, and the complexity of the legal issues raised (some which may require review of extensive medical records), I will direct that this case be placed on the volunteer list.

However, Plaintiff should be cautioned that placement of Plaintiff's name on the Court's volunteer counsel list does not guarantee that an attorney will volunteer to undertake representation of this case. Therefore, unless and until an attorney voluntarily selects Plaintiff's case from the list of *pro se* cases, and agrees to undertake representation on a volunteer basis, the Court can do no more in this regard. Because of the uncertainty as to whether counsel will be found to undertake

2

representation of the Plaintiff, the Court cannot stay the case during the time the file is on the volunteer counsel list.

Accordingly, based on the foregoing and the entire record herein, Plaintiff's Motion Requesting Court to Refer Case for Representation [filed September 2, 2010; docket #33] is **granted in part and denied in part**.  The motion and request are granted in that Plaintiff's case will be placed on the list of *pro se* cases for which the Court is seeking volunteer counsel maintained by the CJA/Pro Se Division of the Clerk's Office, but denied in that counsel will not be appointed by the Court.

Dated at Denver, Colorado, this 7th day of September, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge