IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01284-CMA-MEH

RONALD EMMETT KNEEN,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
HERB SPIWAK, in his personal and official capacities, C.C.A. Corporation,
JOHN FERGUSON, in his personal and official capacities, C.C.A. Corporation,
JUDY BRIZENDINE, in her personal and official capacities, C.C.A. - Crowley,
D. SMELSER, in his personal and official capacities, Warden, C.C.A. - Crowley,
ARISTEDES ZAVARAS, in his personal and official capacities, Director, Colorado D.O.C.,
PAMELA J. PLOUGHE, in her personal and official capacities, Warden, Colorado D.O.C.,
JOANIE SHOEMAKER, in her personal and official capacities, Clinical Services, C.D.O.C.,
JOYCE CROUNK, in her personal and official capacities, Clinical Services, Colorado Territorial Correctional Facility, Colorado, D.O.C.,
DR. LOUIS CABLING, in his personal and official capacities,
DR. ATUL VAHIL, in his personal and official capacities,
MARY KAY CARTER, in her personal and official capacities, Nurse Practitioner, Colorado Territorial Correctional Facility, Colorado D.O.C., and
JILL OLVEY, in her personal and official capacities, Nurse Practitioner, Colorado Territorial Correctional Facility, Colorado D.O.C.

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on October 25, 2010.**

    Plaintiff's Motion for Leave to File Amended Complaint [filed October 20, 2010; docket #57] seeks an extension of time within which to amend his pleading and to respond to a pending dispositive motion. Therefore, the motion is construed as a motion for extension of time pursuant to Fed. R. Civ. P. 6 rather than a motion to amend pursuant to Fed. R. Civ. P. 15.[1]

---

    [1]Pursuant to Fed. R. Civ. P. 15(a), the Court "should freely give leave when justice so requires." However, the Plaintiff fails to articulate any new claims or parties he seeks to add (or delete) and fails to explain how any new facts may apply to his existing claims. Moreover, Plaintiff has failed to attach a proposed amended complaint to his motion. Thus, the Court has no basis upon which to determine whether "justice so requires."

With respect to an extension of time within which to file a motion to amend pleadings, the Court notes that, ordinarily in civil cases, the deadline for amendment of pleadings is not longer than 45 days after the date of the Scheduling Conference. In light of the current discovery schedule set by the Court and the parties in this case, the Court finds that a deadline significantly less than 45 days is necessary. The Plaintiff requests that he be permitted to move to amend his pleading on or before October 28, 2010, which is sixteen (16) days following the October 12, 2010 Scheduling Conference. The Court finds Plaintiff's request reasonable under the circumstances and, thus, the motion is **granted** in this respect. The Plaintiff may file a motion to amend his pleading (together with a proposed amended complaint) **on or before October 28, 2010**.

The Plaintiff also requests an extension of time within which to file a response to Defendant's motion to dismiss. Due to Plaintiff's recent transfer and his medical circumstances, the Court has already granted an extension of time to October 28, 2010 for Plaintiff to file a reply brief in support of his motion for preliminary injunction. Docket #49. For the same reasons, the Court will **grant** Plaintiff's request for an extension of time and orders that Plaintiff file a response to the pending motion to dismiss **on or before October 28, 2010**.

No further requests for extensions of time on these matters will be granted absent a showing of exceptional cause.