IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01284-CMA-MEH

RONALD EMMETT KNEEN,

      Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
HERB SPIWAK, in his personal and official capacities, C.C.A. Corporation,
JOHN FERGUSON, in his personal and official capacities, C.C.A. Corporation,
JUDY BRIZENDINE, in her personal and official capacities, C.C.A. - Crowley,
D. SMELSER, in his personal and official capacities, Warden, C.C.A. - Crowley,
PAMELA J. PLOUGHE, in her personal and official capacities, Warden, Colorado D.O.C.,
ARISTEDES ZAVARAS, in his personal and official capacities, Director, Colorado D.O.C.,
JOANIE SHOEMAKER, in her personal and official capacities, Clinical Services, C.D.O.C.,
JOYCE CROUNK, in her personal and official capacities, Clinical Services, Colorado Territorial Correctional Facility, Colorado, D.O.C.,
DR. LOUIS CABLING, in his personal and official capacities,
DR. ATUL VAHIL, in his personal and official capacities,
MARY KAY CARTER, in her personal and official capacities, Nurse Practitioner, Colorado Territorial Correctional Facility, Colorado D.O.C., and
JILL OLVEY, in her personal and official capacities, Nurse Practitioner, Colorado Territorial Correctional Facility, Colorado D.O.C.

      Defendants.

## ORDER GRANTING MOTION TO STAY

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is a Motion to Stay Discovery filed by Defendants Zavares, Shoemaker, Crounk, Cabling, Vahil and Carter ("CDOC Defendants") [docket #60]. The motion has been referred to this Court for disposition [docket #61]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons that follow, Defendants' motion is **granted**.

**I.     Background**

Plaintiff instituted this action on June 3, 2010. In essence, Plaintiff alleges that Defendants have failed to provide him proper medical care following a 1996 diagnosis of Hepatitis B and C and a 2009 diagnosis of grade III, stage IV fibrosis cirrhosis of the liver, which allegedly requires a liver transplant to survive. *See* Amended Complaint, docket #7. Plaintiff asserts that he started treatments for viral hepatitis in April 2010, but has not been placed into a program for liver transplant. *Id.* On September 7, 2010, the Corrections Corporation of America and related individual Defendants (CCA Defendants) responded to the Amended Complaint by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Docket #37. On September 24, 2010, the CDOC Defendants filed a Motion to Dismiss alleging both absolute and qualified immunities from suit. Docket #50. The CDOC Defendants then filed the present Motion to Stay, asserting that, "[t]he 'purely legal question' of qualified immunity should be decided before pre-trial discovery is conducted." *See* docket #50 at ¶ 6.

**II.    Discussion**

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.' " *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

In this case, the CDOC Defendants have filed a motion to dismiss the claims raised in

2

Plaintiff's Amended Complaint alleging, among other defenses, that the individual Defendants enjoy qualified immunity from the Plaintiff's claims. The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because Defendants' Motion to Dismiss raises a legal question of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534. The Court finds that allowing discovery to continue in this matter against the individual CDOC Defendants would not serve the interests of judicial economy and efficiency. Consequently, the Court will grant a temporary stay of the proceedings in this matter as to the CDOC Defendants (named above) pending the disposition of the Motion to Dismiss.

## III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that the Motion to Stay Discovery filed by Defendants Zavares, Shoemaker, Crounk, Cabling, Vahil and Carter ("CDOC Defendants") [filed October 21, 2010; docket #60] is **granted**. Discovery in this case is hereby stayed as to Defendants Zavares, Shoemaker, Crounk, Cabling, Vahil and Carter pending the District Court's ruling on Defendants' Motion to Dismiss. The parties are directed to submit a status report within five days of the entry of any order adjudicating the pending Motion to Dismiss.

Dated at Denver, Colorado, this 25th day of October, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge