IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01284-CMA-MEH

RONALD EMMETT KNEEN,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
HERB SPIWAK, in his personal and official capacities, C.C.A. Corporation,
JOHN FERGUSON, in his personal and official capacities, C.C.A. Corporation,
JUDY BRIZENDINE, in her personal and official capacities, C.C.A. - Crowley,
D. SMELSER, in his personal and official capacities, Warden, C.C.A. - Crowley,
ARISTEDES ZAVARAS, in his personal and official capacities, Director, Colorado D.O.C.,
PAMELA J. PLOUGHE, in her personal and official capacities, Warden, Colorado D.O.C.,
JOANIE SHOEMAKER, in her personal and official capacities, Clinical Services, C.D.O.C.,
JOYCE CROUNK, in her personal and official capacities, Clinical Services, Colorado Territorial Correctional Facility, Colorado, D.O.C.,
DR. LOUIS CABLING, in his personal and official capacities,
DR. ATUL VAHIL, in his personal and official capacities,
MARY KAY CARTER, in her personal and official capacities, Nurse Practitioner, Colorado Territorial Correctional Facility, Colorado D.O.C., and
JILL OLVEY, in her personal and official capacities, Nurse Practitioner, Colorado Territorial Correctional Facility, Colorado D.O.C.

    Defendants.

---

## MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on November 2, 2010.**

    Plaintiff's Motion for Court's Intervention or to Stay Proceedings [filed November 1, 2010; docket #67] is **granted in part and denied in part**. In his motion, the Plaintiff lists several "incidents" from which he bases his request for court intervention apparently to improve his conditions at the Sterling Correctional Facility. The Court may not interfere with the daily operations of the prison. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) ("it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison"). Any relief for "claims" Plaintiff wishes to make as a result of the "incidents" must be sought through the filing of a new or amended complaint in accordance with federal law and rules. Thus, the motion is denied in this respect.

    However, the Court liberally construes Plaintiff's motion in part as a request for extension

of time to file a motion to amend complaint and his responses to the Defendants' motions to dismiss. The Court has already granted extensions of time to October 28, 2010. Docket #62. The Court will grant an additional extension of time and order the Plaintiff to file responses to the Defendants' motions to dismiss on or before **November 15, 2010**. In addition, the Plaintiff may file a motion to amend his complaint, including an attached proposed amended complaint, on or before **November 15, 2010**.

No further extensions of time shall be granted absent a showing of exceptional cause.

The Court notes that Plaintiff does not seek an extension of the deadline to file a reply in support of his motion for preliminary injunction. The deadline expired on October 28, 2010. Docket #49. Thus, the Court will proceed to adjudicate the motion for preliminary injunction as filed.