IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01284-CMA-MEH

RONALD EMMETT KNEEN,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
HERB SPIWAK, in his personal and official capacities, C.C.A. Corporation,
JOHN FERGUSON, in his personal and official capacities, C.C.A. Corporation,
JUDY BRIZENDINE, in her personal and official capacities, C.C.A. - Crowley,
D. SMELSER, in his personal and official capacities, Warden, C.C.A. - Crowley,
ARISTEDES ZAVARAS, in his personal and official capacities, Director, Colorado D.O.C.,
PAMELA J. PLOUGHE, in her personal and official capacities, Warden, Colorado D.O.C.,
JOANIE SHOEMAKER, in her personal and official capacities, Clinical Services, C.D.O.C.,
JOYCE CROUNK, in her personal and official capacities, Clinical Services, Colorado Territorial Correctional Facility, Colorado, D.O.C.,
DR. LOUIS CABLING, in his personal and official capacities,
DR. ATUL VAHIL, in his personal and official capacities,
MARY KAY CARTER, in her personal and official capacities, Nurse Practitioner, Colorado Territorial Correctional Facility, Colorado D.O.C., and
JILL OLVEY, in her personal and official capacities, Nurse Practitioner, Colorado Territorial Correctional Facility, Colorado D.O.C.

    Defendants.
_____

## ORDER DENYING PLAINTIFF'S MOTION TO STAY
_____

Pending before the Court is Plaintiff's Motion for 120-Day Stay of Proceedings and/or Extension through Global Expansion of Time [filed December 2, 2010; docket #78]. The matter has been referred to this Court for disposition [docket #79]. For the reasons stated below, Plaintiff's motion is **denied**.

**I.**    **Background**

Plaintiff instituted this action on June 3, 2010. In essence, Plaintiff alleges that Defendants

have failed to provide him proper medical care following a 1996 diagnosis of Hepatitis B and C and a 2009 diagnosis of grade III, stage IV fibrosis cirrhosis of the liver, which allegedly requires a liver transplant to survive.  *See* Amended Complaint, docket #7.  Plaintiff asserts that he started treatments for viral hepatitis in April 2010, but has not been placed into a program for liver transplant.  *Id.*  On September 7, 2010, the Corrections Corporation of America and related individual Defendants (CCA Defendants) responded to the Amended Complaint by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Docket #37.  On September 24, 2010, the CDOC Defendants filed a Motion to Dismiss alleging both absolute and qualified immunities from suit.  Docket #50.  The CDOC Defendants then filed a motion to stay the proceedings concerning them, asserting that, "[t]he 'purely legal question' of qualified immunity should be decided before pre-trial discovery is conducted."  *See* docket #50 at ¶ 6.  The Court agreed and granted the motion on October 25, 2010; thus, all proceedings of this case are currently stayed with respect to the CDOC Defendants.  The matter is proceeding as to the CCA Defendants.

The Court has granted a number of Plaintiff's requests for extension of time in this matter.  In fact, in granting Plaintiff's most recent November 1, 2010 request for extension, the Court warned the Plaintiff that no additional requests for extension of time would be granted absent a showing of exceptional cause. Docket #69.  Plaintiff asserts in the present motion that Defendants are impeding his ability to litigate his case, that he requires time to organize and ship his case file to a law firm, that he believes he requires professional counsel to assist with an amended complaint, and that he has two pending grievances relevant to the case.

**II.    Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound

discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Plaintiff seeks protection from the burden of proceeding *pro se* in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007).

In this matter, staying the case for 120 days at this stage of the litigation could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability. Moreover, Plaintiff's stated reasons for his requested stay do not constitute exceptional cause. First, the fact of Plaintiff's incarceration and the limitations placed upon him as a result are more the norm than any type of exception in this case. Second, any grievances the Plaintiff may have pending must proceed through the administrative process, and the Court will not delay proceedings to wait for the completion of the process, particularly where, as here, there is no explanation nor indication whether the grievances are related to this case. Third, Plaintiff fails to indicate whether he has actually retained counsel to assist him in this matter or whether he only speculates that *pro bono* counsel will take his case.[1] The Court will not stay proceedings for a four-month period based merely upon speculation.

Generally, it is the policy in this district not to stay discovery without a legal justification, such as the speedy determination of immunity issues. *See Ruampant v. Moynihan,* 2006 U.S. Dist. LEXIS 57304, *4-5 (D. Colo. Aug. 14, 2006). This is particularly true in cases like this one,

---

[1] On September 7, 2010, the Court granted Plaintiff's request for referral of his case to the list of volunteer attorneys maintained by the Court.

pending before Judge Arguello, who instructs the parties that motions having the effect of delaying proceedings are "strongly discouraged because of the adverse effects they have on case management." CMA Civil Practice Stds., III.C. Consequently, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the motion to stay be denied.

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for 120-Day Stay of Proceedings and/or Extension through Global Expansion of Time [filed December 2, 2010; docket #78] is **denied**.

Dated at Denver, Colorado, this 8th day of December, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge