**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01284-CMA-MEH

RONALD E. KNEEN,

     Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
HERB SPIWAK, in his personal and official capacities, C.C.A. Corporation,
JOHN FERGUSON, in his personal and official capacities, C.C.A. Corporation,
JUDY BRIZENDINE, in her personal and official capacities, C.C.A. - Crowley,
D. SMELSER, in his personal and official capacities, Warden, C.C.A. - Crowley,
ARISTEDES ZAVARAS, in his personal and official capacities, Director, Colorado D.O.C.,
PAMELA J. PLOUGHE, in her personal and official capacities, Warden, Colorado D.O.C.,
JOANIE SHOEMAKER, in her personal and official capacities, Clinical Services, C.D.O.C.,
JOYCE CROUNK, in her personal and official capacities, Clinical Services, Colorado Territorial Correctional Facility, Colorado, D.O.C.,
DR. LOUIS CABLING, in his personal and official capacities,
DR. ATUL VAHIL, in his personal and official capacities,
MARY KAY CARTER, in her personal and official capacities, Nurse Practitioner, Colorado Territorial Correctional Facility, Colorado D.O.C., and
JILL OLVEY, in her personal and official capacities, Nurse Practitioner, Colorado Territorial Correctional Facility, Colorado D.O.C.,

     Defendants.

---

**ORDER ACCEPTING PLAINTIFF'S SECOND AMENDED COMPLAINT; REJECTING AS MOOT THE MARCH 10, 2011 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE; OVERRULING AS MOOT THE CCA DEFENDANTS' PARTIAL OBJECTION TO THE RECOMMENDATION; AND DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS**

---

This matter is before the Court on Motions to Dismiss filed by the "CCA [Corrections Corporation of America] Defendants"[1] (Doc. # 37) and the "CDOC Defendants"[2] (Doc. # 50).  The Motions were referred to United States Magistrate Judge Michael E. Hegarty by Orders of Reference dated September 7, 2010 (Doc. # 40) and September 28, 2010 (Doc. # 51).  On March 10, 2011, Magistrate Judge Hegarty issued a Recommendation that the Court grant the CCA Defendants' Motion to Dismiss and grant in part and deny in part the CDOC Defendants' Motion to Dismiss ("March 10 Recommendation").  (Doc. # 104 at 23.)  Magistrate Judge Hegarty also recommended that the Court grant Plaintiff leave to amend his claims against the CCA Defendants and CDOC Defendants Aristedes Zavaras, Joyce Crounk, Pamela J. Ploughe, and Joanie Shoemaker, all of whom hold supervisory positions, ("CDOC Supervisory Defendants")[3] in their individual capacities.  (*Id.*)  On March 17, 2011, the CCA Defendants timely filed a Partial Objection to Recommendation on Defendants' Motion to Dismiss.  (Doc. # 108.)  On April 11, 2011, Plaintiff filed a Second Amended Complaint (Doc. # 115), even though the Court had not yet ruled on Magistrate Judge Hegarty's

---

[1] The "CCA Defendants" are Corrections Corporation of America ("CCA"), John Ferguson, Herb Spiwak, D. Smelser, and Judy Brizendine.

[2] The "CDOC Defendants" are individuals employed by the Colorado Department of Corrections ("CDOC"), namely Aristedes Zavaras, Joanie Shoemaker, Pamela J. Ploughe, Joyce Crounk, Mary Kay Carter, Dr. Louis Cabling, and Dr. Atul Vahil.  Jill Olvey, a nurse practitioner at the Colorado Territorial Correctional Facility ("CTCF"), a CDOC facility, is also listed as a Defendant, but she has not been served a copy of the complaint and counsel for the CDOC Defendants has not entered an appearance on her behalf.  (Doc. # 50 at 2.)

[3] Mr. Zavaras is CDOC's Executive Director; Ms. Crounk is the Clinical Services Director at CTCF, a CDOC facility; Ms. Ploughe is the Warden at CTCF; and Ms. Shoemaker is the Clinical Services Director at CTCF.

Recommendation and the CCA Defendants' Partial Objection.  For the reasons discussed below, Plaintiff's Second Amended Complaint (Doc. # 115) is accepted, Magistrate Judge Hegarty's March 10 Recommendation is rejected as moot, the CCA Defendants' Partial Objection to the Recommendation is overruled as moot, and Defendants' Motions to Dismiss are denied as moot.

## I. BACKGROUND

This action arises from Defendants' purported violation of Plaintiff's constitutional rights under the Eighth Amendment by denying him treatment for Hepatitis B and C. Plaintiff first filed a complaint on June 3, 2010 (Doc. # 3).  Pursuant to leave of court, Plaintiff filed a first amended complaint on July 12, 2010, alleging two claims against the CCA Defendants and the CDOC Defendants for Eighth Amendment violations and negligence.[4]  (Doc. # 7.)

In his March 10 Recommendation, Magistrate Judge Hegarty recommended dismissal of the following claims for the below-stated reasons:

(1) Any claims for monetary or declaratory relief against the CDOC Defendants in their **official** capacities on grounds that they are barred by the Eleventh Amendment (Doc. # 104 at 10);

(2) Plaintiff's Eighth Amendment claim against the CDOC Supervisory Defendants and the CCA Defendants, in their **individual** capacities, for

---

[4] Although, on its face, Plaintiff's first amended complaint stated two claims for relief, in his March 10 Recommendation, Magistrate Judge Hegarty liberally construed the first amended complaint to include claims for monetary, declaratory, and prospective injunctive relief. (*See* Doc. # 104 at 10, 12, and 16.)

>  failure to allege personal participation and setting forth "an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise" (*Id.* at 13, 19) (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997));
>
> (3) Plaintiff's negligence claims against the CDOC Defendants and the CCA Defendants for failure to file a certificate of review for each professional named as a party within sixty (60) days after the service of the complaint, as required under Colo. Rev. Stat. § 13-20-602 (*Id.* at 17, 21-22); and
>
> (4) Plaintiff's Eighth Amendment claim against Defendant CCA and the CCA Defendants in their **official** capacities, for failure to identify an official policy or custom that causes or is the moving force of the constitutional violation (*Id.* at 19-21).

Additionally, Magistrate Judge Hegarty recommended that the Court allow the following claims to proceed:

> (1) Plaintiff's claim for prospective injunctive relief against the CDOC Defendants in their official and individual capacities (*Id.* at 10, 16);
>
> (2) Plaintiff's claim for declaratory relief against the individual CDOC Defendants (*Id.* at 12); and
>
> (3) Plaintiff's Eighth Amendment claim against CDOC Defendants Cabling, Vahil, and Carter (*Id.* at 14).

Although Magistrate Judge Hegarty recommended dismissal of Plaintiff's claims against the CCA Defendants and the CDOC Supervisory Defendants in their official capacities, he recommended that the Court grant Plaintiff leave to amend the complaint "because it is possible that Plaintiff may cure the deficiencies" for these claims. (*Id.* at 22-23).

## II. SECOND AMENDED COMPLAINT AND VOLUNTARY DISMISSAL OF CERTAIN DEFENDANTS

Upon review of the Second Amended Complaint, the Court finds that Plaintiff has made an attempt to address the Court's concerns about the inadequacy of Plaintiff's prior pleading. In particular, Plaintiff attempts to allege facts addressing how the CDOC Supervisory Defendants and the CCA Defendants personally participated in any incident giving rise to Plaintiff's claims, and whether CCA has an official policy or custom that directly caused the alleged constitutional violation.[5] In addition, Plaintiff has dropped his negligence claim and appears to have voluntarily dismissed seven of the above-captioned Defendants; Plaintiff's Second Amended Complaint now contains allegations against only Defendants Aristedes Zavaras, Judy Brizendine, Dr. Louis Cabling, Dr. Atul Vahil, Mary Carter, and D. Smelser.

Despite the fact that Defendants filed the aforementioned Motions to Dismiss, Plaintiff may voluntarily dismiss any of the Defendants. *See* 8 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 41.33[5][c][viii][A] at 41-65, 41-66 (3d ed. 2010) ("The plaintiff's right to a voluntary dismissal is not extinguished by the filing of a motion

---

[5] The Court reserves judgment as to whether the allegations contained within Plaintiff's Second Amended Complaint are sufficient to withstand another motion to dismiss.

to dismiss under Fed. R. Civ. P. 12(b), subject to the exception for Rule 12(b)(6) motions converted to motions for summary judgment.  Thus, a notice of dismissal may be filed despite the service of a motion to dismiss[.]") (internal citation omitted). Although amending a complaint is not the proper mechanism for voluntarily dismissing a defendant, the Court accepts Plaintiff's Second Amended Complaint as a voluntary dismissal of his claims against the following Defendants:

(1) Joanie Shoemaker, in her personal and official capacity as the Clinical Services Director at CTCF, a CDOC facility;

(2) Pamela J. Ploughe, in her personal and official capacity as Warden at CTCF;

(3) Joyce Crounk, in her personal and official capacity as Clinical Services Director at CTCF;

(4) Jill Olvey, in her personal and official capacity as a nurse practitioner at CTCF;

(5) Corrections Corporation of America;

(6) John Ferguson, in his personal and official capacity as Chief Executive Officer of Corrections Corporation of America; and

(7) Herb Spiwak, in his personal and official capacity as Vice President of Health Services at Corrections Corporation of America.

### III. **CONCLUSION**

Accordingly, IT IS ORDERED THAT Plaintiff's Second Amended Complaint (Doc. # 115) is ACCEPTED.

IT IS FURTHER ORDERED THAT:

(1) The March 10, 2011 Recommendation of United States Magistrate Judge Michael E. Hegarty (Doc. # 104) is REJECTED AS MOOT;

(2) The CCA Defendants' Partial Objection to Recommendation on Defendants' Motion to Dismiss (Doc. # 108) is OVERRULED AS MOOT; and

(3) The Motion to Dismiss from CCA Defendants (Doc. # 37) and the CDOC Defendants' Motion to Dismiss Amended Prisoner Complaint (Doc. # 50) are DENIED AS MOOT.

DATED: April  20 , 2011

BY THE COURT:

*Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge