IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01284-CMA-MEH

RONALD EMMETT KNEEN,

      Plaintiff,

v.

ARISTEDES ZAVARAS, in his personal and official capacities, Director, C.D.O.C.,
JUDY BRIZENDINE, in her personal and official capacities, H.S.A., C.C.A.,
D. SMELSER, in his personal and official capacities, Warden, C.C.A.,
DR. LOUIS CABLING, in his personal and official capacities,
DR. ATUL VAHIL, in his personal and official capacities, and
MARY KAY CARTER, in her personal and official capacities, Nurse,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is a Renewed Motion to Dismiss filed by Defendants Brizendine and

Smelser [filed May 6, 2011; docket #124].  Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo.

LCivR 72.1C, this matter has been referred to this Court for recommendation.  The motion is fully

briefed, and oral argument would not materially assist the Court in its adjudication.  For the

following reasons, the Court recommends that the Defendants' motion be **granted**.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and
file any written objections in order to obtain reconsideration by the District Judge to whom this
case is assigned.  Fed. R. Civ. P. 72(b).  The party filing objections must specifically identify
those findings or recommendations to which the objections are being made.  The District Court
need not consider frivolous, conclusive or general objections.  A party's failure to file such
written objections to proposed findings and recommendations contained in this report may bar
the party from a de novo determination by the District Judge of the proposed findings and
recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. §
636(b)(1).  Additionally, the failure to file written objections to the proposed findings and

## BACKGROUND

Plaintiff is a prisoner in Colorado proceeding *pro se* who initiated this civil rights action on May 26, 2010 by filing a motion for leave to proceed *in forma pauperis*.  The Plaintiff filed his original Complaint on June 3, 2010; subsequently, in compliance with a court order, Plaintiff filed an Amended Complaint on July 12, 2010.  After a round of motions to dismiss filed by the Defendants and this Court's March 10, 2011 Recommendation on the motions, the Plaintiff filed a Second Amended Complaint on April 11, 2011.  Judge Arguello accepted the Second Amended Complaint as filed and denied as moot the pending Recommendation and dispositive motions.  *See* April 20, 2011 Order, docket #118.  In response to the operative pleading, Defendants Zavares, Cabiling, Vatil and Carter filed an Answer and the remaining Defendants, Smelser and Brizendine, filed the present Renewed Motion to Dismiss.

In his Second Amended Complaint, Plaintiff alleges generally that Defendants have failed to provide him proper medical care following a 1996 diagnosis of hepatitis B and C at his intake medical exam in violation of his Eighth Amendment right against cruel and unusual punishment. Plaintiff asserts that he has since been diagnosed with grade III, stage IV cirrhosis of the liver and seeks injunctive relief, as well as nominal, actual and compensatory damages against each Defendant.

### I.     Facts

The following are factual allegations made by the Plaintiff in his Second Amended

---

recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Complaint with respect to claims brought against Defendants Smelser and Brizendine.  These allegations are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).

In May 1996, during an intake examination at the Colorado Department of Corrections (CDOC) Denver Receptions and Diagnostic Center (DRDC), Plaintiff tested positive for hepatitis B and C.  Medical staff informed Plaintiff that he would be closely monitored throughout his incarceration to best determine the progression of his Hepatitis C virus.  After several transfers among CDOC facilities, Plaintiff was transferred in June 2005 to Crowley County Correctional Facility (CCCF), a facility operated by the Corrections Corporation of America (CCA), at which Defendant Smelser served as the warden and Defendant Brizendine served as Health Services Administrator.  On numerous occasions, Plaintiff requested hepatitis treatment, but CCCF medical staff believed the "grading" of his virus reflected "minimal activity" and, thus, no treatment was necessary.

In early 2008, Plaintiff completed the required 200 hours of substance abuse courses for inmates wishing to start treatment for chronic viral hepatitis.  In July 2008, Plaintiff requested treatment for hepatitis B and C; he was told to provide certification of coursework and to follow up in six months.  In January 2009, Plaintiff was evaluated in the chronic care clinic where he told the provider that he had completed the required courses and expressed his wish to pursue treatment for hepatitis C.

In June 2009, Plaintiff was called into the medical facility by Dr. Cabiling for what he thought would be treatment for his hepatitis B and C.  However, Plaintiff contends that instead of treatment, Dr. Cabiling informed Plaintiff that he had discontinued his prescription for Prilosec

because the Plaintiff had ordered "jalapeno squeeze cheese" from the prison canteen.  Plaintiff requested hepatitis treatment at this time, but was denied.

In late July 2009, Plaintiff suffered excessive internal bleeding for which he was treated at an outside clinic and which was diagnosed as "esophageal varicies."  On August 4, 2009, Plaintiff underwent an upper endoscopy to evaluate and treat esophageal varicies and Barrett's esophagus. Plaintiff alleges that on the same date, the treating physician, Dr. Vahil, informed Plaintiff his Prilosec should not have been discontinued and that Plaintiff needed a liver transplant.  Plaintiff returned to Dr. Vahil on September 29, 2009 to continue treatment for the esophageal varicies. Plaintiff alleges that Dr. Vahil told him the hepatitis had permanently damaged his liver beyond any chance of recovery.  On October 7, 2009, Plaintiff informed a nurse, "Sandy," of the information he was given by Dr. Vahil; thereafter, Sandy scheduled an appointment with "mental health" for Plaintiff.  On a third visit to Dr. Vahil, Plaintiff asked the doctor to confirm in the presence of a correctional officer that he needed a liver transplant.  The doctor confirmed.  However, Dr. Vahil never reported to the CCCF the Plaintiff's need for a liver transplant.

In early December 2009, Plaintiff was transferred to the Colorado Territorial Correctional Facility ("CTCF"), a CDOC facility.  Plaintiff has not returned to CCCF or to another CCA facility.

Plaintiff brings claims for violation of his Eighth Amendment rights against Defendants Smelser and Brizendine in their individual and official capacities, and he seeks injunctive relief, as well as nominal damages, actual damages, and $1,000,000.00 in compensatory damages against each Defendant.

## II.    Procedural History

On May 6, 2011, Defendants D. Smelser, Warden at CCCF, and Judy Brizendine, Medical

Director at CCCF filed the present Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Plaintiff's allegations fail to satisfy the subjective component of an Eighth Amendment claim, Plaintiff fails to allege personal participation by the individual Defendants, and, to the extent that Plaintiff alleges liability in Defendants' supervisory capacities, the pleading fails as a matter of law.[2]

Plaintiff responded to the motion on June 8, 2011.  Primarily, Plaintiff argues that Defendants have disobeyed the court's rules by filing the motion to dismiss with a discovery schedule in place.  Plaintiff seeks denial of the motion because discovery is not yet completed.  In addition, Plaintiff contends that he has made out a "prima facie claim" of deliberate indifference and, thus, the complaint should proceed against Defendants.  In asserting that he has been denied treatment by Defendants for hepatitis for years, Plaintiff states, "[t]he failure to treat my viral infection is a serious medical violation. When treatment is refused for a fatal disease it goes beyond malice and forethought and deliberate indifference, it is medical murder."  Brief in Support of

---

[2]The Court notes that Defendants' arguments challenge the Plaintiff's Eighth Amendment claims against Defendants only in their personal capacities.  Defendants raise no arguments concerning the official capacity claims against them.  Although a private corporation acting under color of state law may be liable under § 1983 only when an official policy or custom of the corporation causes or is the "moving force of the constitutional violation," (*see Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations); *see also Smedley v. Corrections Corp. of America*, 175 F. App'x 943, 946 (10th Cir. Dec. 20, 2005) ("in order to hold CCA liable for the alleged tortious acts of its agents, [the plaintiff] must show that CCA directly caused the constitutional violation by instituting an 'official municipal policy of some nature,' that was the 'direct cause' or 'moving force' behind the constitutional violations" (citations omitted)).), it is unclear whether employees of such private corporation may be sued in an official capacity.  *See Archuleta v. Corr. Healthcare Mgmt.*, No. 08-cv-02477-REB-BNB, 2009 WL 1292838, at *3 n.8 (D. Colo. May 8, 2009) (citing *Richardson v. McKnight*, 521 U.S. 399, 412 (1997) (declining to permit governmental immunity for private prison guards)). Nevertheless, because the parties do not raise the issue here, the Court will not address it in this Recommendation.

Response at 3, docket #136.  Furthermore, Plaintiff argues that Defendants Brizendine and Smelser "due to ... CCA's practice of corporate medicine, which is practiced at Crowley CCA Facility, the seriously ill inmates and elderly inmates are not given proper and efficient meds or care. It is [a] deliberate indifference strategy on their part to defraud me of my Hep C treatment and save money on medications."  *Id.* at 4.

## LEGAL STANDARDS

### I.       Dismissal under Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.  Twombly* requires a two prong analysis.  First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 1949-51.  Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

### II.      Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory

on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations

and citations omitted).  The Tenth Circuit interpreted this rule to mean, "if the court can reasonably

read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite

the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor

syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  However, this interpretation is qualified in that it is not "the

proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see*

*also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188,

1197 (10th Cir. 1989)).

## DISCUSSION

Defendants proffer three arguments in support of their motion to dismiss Plaintiff's Eighth

Amendment claims against them: (1) Plaintiff fails to sufficiently allege the subjective component

of an Eighth Amendment claim; (2) Plaintiff fails to allege personal participation as necessary to

support a Section 1983 claim; and (3) to the extent that Plaintiff seeks to hold Defendants liable in

their supervisory capacities, Section 1983 prohibits liability based on a *respondeat superior* theory.

Because Defendants' second and third arguments are interrelated, the Court will begin with an

analysis of the first argument, then proceed to evaluate the second and third arguments together.

## I.    Subjective Component for Deliberate Indifference

Under the Eighth Amendment, prisoners are constitutionally entitled to "humane conditions

of confinement guided by 'contemporary standards of decency.'" *Penrod v. Zavaras,* 94 F.3d 1399,

1405 (10th Cir. 1996) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)).  Accordingly, prison

officials must "ensur[e] inmates receive the basic necessities of adequate food, clothing, shelter, and

medical care and ... tak[e] reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher,* 143 F.3d 1299, 1310 (10th Cir. 1998) (citing *Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994)).  A prisoner states a claim of cruel and unusual punishment under the Eighth Amendment by alleging prison officials demonstrated "deliberate indifference to a prisoner's serious illness or injury," or that prison officials "have, with deliberate indifference," involuntarily exposed a prisoner to conditions "that pose an unreasonable risk of serious damage to [the inmate's] future health." *Helling v. McKinney,* 509 U.S. 25, 35 (1993); *Estelle,* 429 U.S. at 105.

Plaintiff must meet both the objective and subjective components constituting the test for deliberate indifference. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006).  The objective component is met "if the harm suffered is 'sufficiently serious' to implicate the Cruel and Unusual Punishment Clause." *Id.* (quoting *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006), *overruled on other grounds by Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008)).  The Tenth Circuit established "a medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Horton v. Ward*, 123 F. App'x 368, 371 (10th Cir. 2005) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 2005)).

The subjective component is met if the plaintiff demonstrates defendants "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan*, 471 F.3d at 1159 (quoting *Kikumura*, 461 F.3d at 1293); *see also Perkins v. Kansas Dep't of Corrs.*, 165 F.3d 803, 809 (10th Cir. 1999) ("the official must 'know[] of and disregard[] an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must draw the

8

inference.'"") (citations omitted).   The subjective component requires an "inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." *Kikumura*, 461 F.3d at 1293 (quoting *Farmer*, 511 U.S. at 838).   This component is equivalent to "criminal recklessness, which makes a person liable when she consciously disregards a substantial risk of harm." *Beauclair v. Graves*, 227 F. App'x 773, 776 (10th Cir. 2007) (quoting *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005)).   Thus, the purpose of the subjective component is to determine whether a defendant "had a sufficiently culpable state of mind." *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1022 (10th Cir. 1996).

Here, Defendants argue that Plaintiff has failed to allege sufficient facts demonstrating the requisite "culpable state of mind."  Plaintiff's allegations concerning Defendant Brizendine state in total:

> Def Judy Brizendine, Health Administrator, ... playing the gatekeeper role, in stopping Plaintiff to receive the approved and prescribed recommended treatments, by denying, delaying and not following a prescribed Drs. order(s), ... violated plaintiff [sic] U.S. constitutional rights to be free from "pain and suffering" and "cruel and unusual punishment."

Second Amended Complaint at 20, docket #119.  Based upon these allegations, the Court agrees with Defendants that Plaintiff has failed to allege Brizendine's state of mind as necessary to sufficiently state an Eighth Amendment claim.   Moreover, Plaintiff's allegations concerning Defendant Smelser state in total:

> Def Warden D. Smelser, Warden for the privately owned prison C.C.C.F. can be found to violate all plaintiffs [sic] serious medical needs as upon arriving at the Crowley County Correctional Facility Plaintiff Kneen was given an Inmate Handbook that clearly stated: 'The Warden is directly responsible to administer the operations with-in the parameters established by the United States Constitution.' Defendant Smelser failed in his official and personal capacities under the color of law, to supervise his subordinates, deny and delayed plaintiff [sic] serious medical needs and disregarded a substantial risk of harm to plaintiff [sic] health, by acting

9

with deliberate indifference to Kneens [sic] serious medical needs.

*Id.*  Again, Plaintiff fails to allege Smelser's state of mind - that is, whether Smelser knew of and disregarded a substantial risk of harm.  Consequently, the Court recommends finding that Plaintiff has failed to sufficiently allege the subjective component necessary to state Eighth Amendment claims against Defendants Brizendine and Smelser.

## II.     Personal Participation & Supervisory Liability

Plaintiff's claims against Defendants Smelser and Brizendine for deliberate indifference to a serious medical condition pursuant to the Eighth Amendment arises under 42 U.S.C. § 1983. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997).  Thus, to support his Section 1983 claim, the Plaintiff must allege an affirmative link between the Defendants' conduct and any constitutional violation raised in his Second Amended Complaint.  *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001) (citing *Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir. 1991)); *see also Green v. Branson,* 108 F.3d 1296, 1302 (10th Cir. 1997) (quotation and brackets omitted) (finding there must be "an affirmative link ... between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise.").  Consequently, for a prison official to be liable for "deliberate indifference" under Section 1983, "the official must have been personally and directly responsible for the occurrence of the alleged Eighth Amendment violation."  *Jenkins v. Denver County Jail*, No. 99-1335, 2000 WL 84893, at *2 (10th Cir. 2000) (unpublished) (citing *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996)).

Supervisory status alone does not create § 1983 liability. *Duffield v. Jackson,* 545 F.3d 1234,

1239 (10th Cir. 2008). "Supervisors are only liable under § 1983 for their own culpable involvement" in the alleged violation, because government officials may not be held vicariously liable for the misconduct of their subordinates under Section 1983. *Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006).

Although Plaintiff alleges that Brizendine and Smelser "denied and delayed" medical treatment, he fails to allege how either Defendant was personally involved in such denial or delay. Clearly, Plaintiff names these Defendants in their supervisory capacity only. In fact, Plaintiff alleges that Smelser "failed ... to supervise his subordinates."  However, there must be "an affirmative link ... between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Green,* 108 F.3d at 1302. Here, Plaintiff alleges no link between these Defendants and the alleged conduct of Dr. Vahil, Dr. Cabiling and Nurse Carter.  Moreover, although a prison medical official who serves solely as a "gatekeeper for other medical personnel capable of treating the condition" may violate the Eighth Amendment if she "delays or refuse[s] to fulfill that gatekeeper role," (*see Garrett v. Stratman*, 254 F.3d 946, 950 n.4 (10th Cir. 2001)), Plaintiff's mere characterization of Brizendine as a "gatekeeper" with no factual allegations supporting such characterization is insufficient to show she is liable for damages pursuant to Section 1983.

Consequently, this Court recommends that the District Court grant the Defendants' motion to dismiss Plaintiff's Eighth Amendment claims against the individual Defendants Smelser and Brizendine.

**<u>CONCLUSION</u>**

In his Second Amended Complaint, Plaintiff fails to state Eighth Amendment claims against the individual Defendants, Smelser and Brizendine, by failing to sufficiently allege their "culpable states of mind" and their personal participation in the alleged violations.  Accordingly, the Court RECOMMENDS that the District Court **grant** the Renewed Motion to Dismiss filed by Defendants Brizendine and Smelser [<u>filed May 6, 2011; docket #124</u>].

Respectfully submitted at Denver, Colorado, this 2nd day of August, 2011.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge