IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01284-CMA-MEH

RONALD EMMETT KNEEN,

    Plaintiff,

v.

JUDY BRIZENDINE, in her personal and official capacities, Health Services Administrator,
D. SMELSER, in his personal and official capacities, Warden,
ARISTEDES ZAVARAS, in his personal and official capacities, Director, C.D.O.C.,
DR. LOUIS CABLING, in his personal and official capacities,
DR. ATUL VAHIL, in his personal and official capacities, and
MARY KAY CARTER, in her personal and official capacities, Nurse,

    Defendants.

## ORDER GRANTING MOTION TO STAY

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is an Unopposed Motion to Stay Discovery Pending a Ruling on Renewed Motion to Dismiss filed by Defendants D. Smelser and Judy Brizendine [filed August 2, 2011; docket #146]. The motion is referred to this Court for disposition. (Docket #147.) For the following reasons, the Court **GRANTS** the unopposed motion.

**I.    Background**

Plaintiff is a prisoner in Colorado who initiated this civil rights action on May 26, 2010, proceeding *pro se* by filing a motion for leave to proceed *in forma pauperis*. The Plaintiff filed his original Complaint on June 3, 2010; subsequently, in compliance with a court order, Plaintiff filed an Amended Complaint on July 12, 2010. After a round of motions to dismiss filed by the Defendants and this Court's March 10, 2011 Recommendation on the motions, the Plaintiff tendered

a Second Amended Complaint on April 11, 2011. Judge Arguello accepted the Second Amended Complaint as filed and denied as moot the pending Recommendation and dispositive motions. *See* April 20, 2011 Order, docket #118. In response to the operative pleading, Defendants Zavares, Cabiling, Vatil and Carter filed an Answer and the remaining Defendants, Smelser and Brizendine, filed a Renewed Motion to Dismiss.

In his Second Amended Complaint, Plaintiff alleges generally that Defendants have failed to provide him proper medical care following a 1996 diagnosis of hepatitis B and C at his intake medical exam in violation of his Eighth Amendment right against cruel and unusual punishment. Plaintiff asserts that he has since been diagnosed with grade III, stage IV cirrhosis of the liver and seeks injunctive relief, as well as nominal, actual and compensatory damages against each Defendant. On May 6, 2011, Defendants Smelser and Brizendine moved to dismiss the claims raised against them in the Second Amended Complaint for lack of personal participation and failure to state the subjective component of an Eighth Amendment claim. Meanwhile, on July 20, 2011, Alaurice Marie Tafoya-Modi entered her appearance as counsel for the Plaintiff.

In the present motion, Smelser and Brizendine argue that because their motion to dismiss may resolve all claims against them, it will be most efficient and economical to stay discovery pending a ruling on the motion to dismiss. No party opposes the motion.

**II.     Discussion**

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense." Fed. R. Civ. P. 26(c). A stay of all discovery is generally disfavored in this district. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). However, as this Court stated previously, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007).

Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

A balance of these factors favors a temporary stay in this case. No party opposes Defendants' request for a stay to avoid any unnecessary burdens and/or costs of discovery. While the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and

to make the most efficient use of judicial resources.'" *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted).

Therefore, as a ruling on the pending motion to dismiss may resolve this matter against Defendants Smelser and Brizendine in its entirety, the Court finds good cause exists to impose a temporary stay until the District Court rules on the Motion to Dismiss.

**III.    Conclusion**

Accordingly, for the foregoing reasons, the Court **GRANTS** the Unopposed Motion to Stay Discovery Pending a Ruling on Renewed Motion to Dismiss filed by Defendants D. Smelser and Judy Brizendine [filed August 2, 2011; docket #146].  Discovery in this matter concerning Defendants Smelser and Brizendine is hereby **STAYED** pending further order of the Court.  The parties shall file a status report with the Court indicating what, if any, changes to the Scheduling Order are needed, within *five business days* of a ruling on the Defendants' pending Motion to Dismiss.

Dated at Denver, Colorado, this 3rd day of August, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge