IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01284-CMA-MEH

RONALD EMMETT KNEEN,

       Plaintiff,

v.

ARISTEDES ZAVARAS, in his personal and official capacities, Director, Colorado D.O.C.,
JUDY BRIZENDINE, in her personal and official capacities, Health Service Administrator, C.C.A. -
Crowley,
D. SMELSER, in his personal and official capacities, Warden, C.C.A. - Crowley,
DR. LOUIS CABLING, in his personal and official capacities,
DR. ATUL VAHIL, in his personal and official capacities, and
MARY KAY CARTER, in her personal and official capacities, Nurse Practitioner, Colorado
Territorial Correctional Facility, Colorado D.O.C.,

       Defendants.

---

### ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint [filed

December 9, 2011; docket #174].  Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR

72.1C, the matters have been referred to this Court for disposition and/or recommendation.[1]  The

matter is briefed and oral argument would not materially assist the Court in adjudicating the motion.

---

[1]While Plaintiff's motion does not purport to seek dispositive relief, the formal label of a
motion is not determinative for purposes of § 636(b)(1)(A) and (B). The Tenth Circuit has held
that "[m]otions not designated on their face as one of those excepted in [§636(b)(1)(A)] are
nevertheless to be treated as such when they have an identical effect." *First Union Mortgage
Corp. v. Smith,* 229 F.3d 992, 995 (10th Cir. 2000) (citing *Ocelot Oil Corp. v. Sparrow Indus.,*
847 F.2d 1458, 1462 (10th Cir. 1988)).  An order denying a motion to amend may be dispositive
if the order effectively precludes the filing of a claim for damages.  *See Fuller v. Mickelson,*
2007 WL 3232595, at *2 (D. Colo. Oct. 31, 2007) (Daniel, J.) (citing *Nomura Sec. Int'l, Inc. v.
E*Trade Sec., Inc.,* 280 F. Supp. 2d 184, 198 (S.D.N.Y. 2003)).

For the reasons that follow, the Court orders that Plaintiff's motion is **granted in part** and respectfully recommends that the motion be **denied in part**.[2]

## I.    Background

This action was initiated by the Plaintiff proceeding *pro se* on June 3, 2010.  Plaintiff filed an Amended Complaint as a matter of course on July 12, 2010.  In October and November 2010, this Court granted Plaintiff's requests for additional time within which to respond to the pending motion to dismiss and to file a motion to amend the Amended Complaint.  Dockets #62 and #69; however, the Plaintiff did not file any motion at that time.  On January 28, 2011, this Court granted Plaintiff's request to extend discovery deadlines, setting the discovery cutoff for February 28, 2011.  Docket #92.

On April 11, 2011, Plaintiff tendered a Second Amended Complaint without seeking leave of Court.  Docket #115.  This Court initially struck the pleading as in contravention of the federal and local rules; however, Judge Arguello accepted the pleading and denied all outstanding dispositive motions as moot.  Dockets #118 and #119.  Defendants employed by the Corrections Corporation of America ("CCA Defendants") responded to the Second Amended Complaint by

---

[2]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

renewing their motion to dismiss, and Defendants employed by the Colorado Department of Corrections ("CDOC Defendants") filed an Answer.  Dockets #123 and #124.  Accordingly, this Court amended the Scheduling Order by setting the discovery cutoff date for September 16, 2011.  Docket #127.

Briefing on the CCA Defendants' renewed motion to dismiss completed on June 27, 2011.  The motion was referred to this Court, which recommended that the motion be granted on August 3, 2011 for Plaintiff's failure to allege the subjective component of an Eighth Amendment violation and personal participation by Defendants Brizendine and Smelser.  Docket #148.  Both the motion and the recommendation remain pending before the District Court.

Meanwhile, Alaurice Marie Tafoya-Modi entered her appearance on behalf of the Plaintiff on July 20, 2011.  Docket #140.  She filed an objection to the pending recommendation and a motion for extension of time concerning discovery deadlines on September 7, 2011.  Docket #155.  On September 26, 2011, the case was reassigned to Judge Jackson.  Docket #159.  On September 28, 2011, this Court held a Status Conference and hearing on Plaintiff's motion for extension and, having no objection, amended the Scheduling Order once more to set a discovery cutoff of January 31, 2012.  Docket #160.

On November 9, 2011, Plaintiff, through his attorney, filed a motion for leave to file a third amended complaint.  Docket #167.  On November 15, 2011, this Court denied the motion without prejudice for Plaintiff's failure to comply with D.C. Colo. LCivR 7.1A and to submit a proposed amended pleading.  Docket #171.  On December 9, 2011, Plaintiff filed the present "renewed" motion (unopposed by the CDOC Defendants), and the CCA Defendants filed a response in opposition to the motion on January 2, 2012.  Although provided the opportunity to do so, the

Plaintiff did not file a reply brief in support of his motion.

In the present motion, Plaintiff seeks to amend the operative pleading "so that the Plaintiff's claims and legal theories are better delineated and framed and any remaining deficiencies are cured. In addition, counsel would like to add a claim for attorney fees." Docket #174 at 4. Plaintiff contends the CCA Defendants would suffer no prejudice with the requested amendments because discovery is stayed pending resolution of the CCA Defendants' motion to dismiss. *Id.* The CCA Defendants counter that Plaintiff's request to amend is unduly delayed and, therefore, prejudicial, and that the proposed amendments are futile in that "Plaintiff merely added descriptions of the CCA Defendants' supervisory duties and formulaic recitations of the elements of a cause of action under § 1983." Docket #177 at 4.

## II.    Analysis

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a) (2011). The Court must heed Rule 15's mandate that the Court should "freely give leave when justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962); *Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

The grant or denial of leave to amend is committed to the discretion of the district court. *See Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182.

As set forth herein, Plaintiff's motion is unopposed by the CDOC Defendants. Only the CCA Defendants, Smelser and Brizendine, oppose the motion contending that Plaintiff's amendments concerning claims against them are unduly delayed and, therefore, prejudicial. In addition, the CCA Defendants argue Plaintiff's proposed amendments are futile and therefore, should be rejected. The CCA Defendants mention nothing about Plaintiff's additional claim for attorney's fees. Having no objection and finding that Plaintiff's claim is justified (particularly since counsel has appeared on his behalf), the Court will **grant** Plaintiff's request to amend the Second Amended Complaint to add a claim for attorneys' fees.

As for the CCA Defendants' challenges to Plaintiff's motion, the Court will address each argument in turn.

A.     Undue Delay or Prejudice

Here, although Defendants are correct that the case is more than 18 months old, Defendants also concede that the case is still in its early stages. Discovery is stayed as to the CCA Defendants and, according to Plaintiff, no discovery had yet taken place at the time the present motion was filed. Nevertheless, on September 7, 2010, this Court granted in part the Plaintiff's motion asking the Court to refer this case to its volunteer counsel list. As a result of that order, an attorney voluntarily entered her appearance on behalf of the Plaintiff on July 20, 2011, and soon thereafter, sought extensions of the discovery deadlines to become familiar with the case and extensive docket at that point. *See* docket #143. Counsel has been actively involved in pursuing this matter on behalf of the Plaintiff; as such, this Court perceives no undue delay in Plaintiff's prosecution, through his counsel,

5

of this case.  Defendants state no justification for their claim of prejudice here, except to assert
"[a]llowing Plaintiff yet another opportunity to amend his complaint will only further prejudice the
CCA Defendants" presumably in incurring "significant costs and expenses in responding" to
Plaintiff's motions.  However, defendants always are burdened by time and expense when they are
sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or
a trial occurs.  *See Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar.
2, 2007).  Here, Plaintiff is correct that no trial date has been scheduled and, thus, the Court finds
there is no evidence of a special burden on the Defendants.

  B. <u>Futility of the Amendments</u>

  "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the
district court may deny leave to amend where amendment would be futile. A proposed amendment
is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist.
No. R–1 v. Moody's Investor's Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999); *see also Hall v.
Bellmon,* 935 F.2d 1106, 1109-10 (10th Cir. 1991) ("Although dismissals under Rule 12(b)(6)
typically follow a motion to dismiss ..., a court may dismiss *sua sponte* when it is patently obvious
that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend
his complaint would be futile.") (citations omitted).

  Because futility is based on whether a claim could survive a motion to dismiss, the applicable
standards for resolving a motion to dismiss are relevant here. The purpose of a motion to dismiss
pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case
before it.  A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a
factual attack.  When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court

6

accepts the allegations of the complaint as true. *Holt v. United States,* 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a factual attack on a complaint supported by affidavits or other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. *Id.* at 1003.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.,* 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.,* 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge*

7

at *Red Hawk, LLC v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft,* 129 S. Ct. at 1949 (citation omitted).

Defendants argue that Plaintiff's proposed amendments concerning Smelser and Brizendine are merely conclusory allegations concerning their supervisory roles and add nothing to cure the deficiencies noted by this Court in its recommendation to grant Defendants' pending motion to dismiss. The Court disagrees to some extent, but nonetheless must recommend denial based upon this Court's lack of subject matter jurisdiction over the Plaintiff's proposed amendments.

1.    *Deficiencies Cured?*

In its August 3, 2011 Recommendation, this Court found that Plaintiff, then proceeding *pro se*, failed to allege the subjective component of the Eighth Amendment and personal participation by Defendants Brizendine and Smelser in his Second Amended Complaint. *See* docket #148. In so doing, this Court noted that Defendants construed the Second Amended Complaint against them only in their personal capacities, and neither party raised the issue of whether Plaintiff asserted claims against Defendants in their official capacities. *Id.* at 5 n.2.

In the proposed pleading here, Plaintiff specifies that his Third Claim for Relief is brought against Defendant Smelser in both his individual and official capacities. Docket #174-1 at 13. The Fourth Claim for Relief against Defendant Brizendine is not as clear, but the allegations suggest that

the claim is also brought against her in both capacities.  *Id.* at 14-15.  In both instances, Plaintiff alleges Defendants were "deliberately indifferent" to injuries suffered by Plaintiff as a result of Defendants failing to train and/or supervise their employees.  *Id.* at 13-15.

As the CCA operates the Crowley County Correctional Facility pursuant to a contract with the CDOC, it becomes a state actor and is subject to liability under § 1983 for the constitutional violation alleged in this case.  *See West v. Atkins,* 487 U.S. 42, 54-57 (1988) (holding that a private doctor treating prisoners under a contract with state prison authorities acted under color of state law for purposes of § 1983 suit alleging Eighth Amendment violation); *Smith v. Cochran,* 339 F.3d 1205, 1215-16 (10th Cir. 2003) ("[P]ersons to whom the state delegates its penological functions, which include the custody and supervision of prisoners, can be held liable for violations of the Eighth Amendment.") (citation omitted).  Thus, to the extent Plaintiff sues Defendants in their official capacities under § 1983, he is actually attempting to impose liability on their employer, the CCA.  *See Meade v. Grubbs,* 841 F.2d 1512, 1529 (10th Cir. 1988) ("[a] judgment against a public servant in his official capacity imposes liability on the entity he represents"); *Hafer v. Melo,* 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.").

A governmental entity cannot be held liable for the acts of its employees on a theory of *respondeat superior*; rather, it can only be held liable for its own acts that are "officially sanctioned or ordered."  *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188 (10th Cir. 2010).  "Municipal liability under § 1983 attaches where – and only where – a deliberate choice to follow

a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* at 1188-89 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986)).  Municipal liability may be based on "injuries caused by a failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused." *Id.* at 1189 (citing *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989)).

Thus, while the Court agrees with the CCA Defendants that the Plaintiff, in the proposed pleading here, fails to cure the deficiencies noted by this Court in its recommendation to dismiss Plaintiff's claims against Defendants in their individual capacities,[3] Plaintiff's new allegations that Defendants were "deliberately indifferent" to injuries suffered by Plaintiff as a result of Defendants failing to train and/or supervise their employees plausibly allege claims against Defendants in their official capacities pursuant to *Brammer-Hoelter*.  However, this conclusion does not end the inquiry.

2.    *Jurisdiction over Amendments?*

The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Generally, the Eleventh Amendment forbids a suit for damages against a state in federal court. *Ambus v. Granite Board of Education,* 995 F.2d 992, 994 (10th Cir. 1993) (citation omitted).

---

[3]This Court finds Plaintiff's proposed amendments here fail to allege the subjective component of an Eighth Amendment claim - that is, the Defendants' states of mind in knowing that they faced a substantial risk of harm and disregarded that risk (*see Callahan v. Popell*, 471 F.3d 1155, 1159 (10th Cir. 2006)) – and fail to allege personal participation by Defendants – that is, an affirmative link between a Defendant's conduct and the alleged denial of medical care (*see Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001)).

As a private contractor operating a prison facility for the CDOC, CCA is an arm of the state and any claim for money damages brought against Defendants in their official capacities under § 1983 is barred by the Eleventh Amendment. *Edelman v. Jordan,* 415 U.S. 651, 663 (1974).

The Supreme Court has recognized an exception to the Eleventh Amendment for such actions where a plaintiff is seeking prospective enforcement of his or her federal rights. *See Ex parte Young,* 209 U.S. 123, 159-60 (1908). But *Young* makes it clear that this exception "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past" or as a means for seeking money damages. *Buchwald v. University of New Mexico Sch. of Med.,* 159 F.3d 487, 495 (10th Cir. 1998) (citations and quotations omitted).

In his proposed pleading, Plaintiff seeks only monetary damages for his injuries; the Plaintiff makes no request for prospective injunctive or declaratory relief in the proposed pleading. *See* docket #174-1 at 17. Thus, Plaintiff's claims for monetary damages against Defendants Smelser and Brizendine in their official capacities would be properly dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and, therefore, are futile.

## III.    Conclusion

Plaintiff's request to amend the operative pleading to add a claim for attorney's fees is both unopposed and justified; as such, this Court will grant Plaintiff's motion to amend the Second Amended Complaint to add a claim for attorney's fees. However, in his motion and proposed pleading, Plaintiff fails to cure the deficiencies noted by this Court in its August 3, 2011 Recommendation to dismiss Plaintiff's claims against the CCA Defendants, Smelser and Brizendine, in their individual capacities. Further, although Plaintiff plausibly alleges claims against the CCA Defendants in their official capacities, Plaintiff's claims for monetary damages are barred by this

Court's lack of subject matter jurisdiction and, therefore, would be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).   Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion for Leave to File an Amended Complaint [filed December 9, 2011; docket #174] be **granted in part** to allow the addition of Plaintiff's claim for attorney's fees, and **denied in part** as to the addition of Plaintiff's third and fourth claims for relief against Defendants Smelser and Brizendine in their official capacities.

Dated at Denver, Colorado, this 2nd day of February, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

12