IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 10-cv-1284-RBJ-MEH

RONALD EMMETT KNEEN

      Plaintiff.

v.

ARISTEDES ZAVARAS, in his personal and official capacities, Director, Colorado D.O.C.,
JUDY BRIZENDINE, in her personal and official capacities, Health Service Administrator,
C.C.A. - Crowley
D. SMELSER, in his personal and official capacities, Warden, C.C.A. – Crowley
DR. LOUIS CABLING, in his personal and official capacities
DR. ATUL VAHIL, in his personal and official capacities, and
MARY KAY CARTER, in her personal and official capacities, Nurse Practitioner, Colorado
Territorial Correctional Facility, Colorado, D.O.C.

      Defendants.

---

## ORDER

---

This matter is before the Court on defendants Brizendine and Smelser's Renewed Motion to Dismiss [#124] and Motion to Amend [#174]. On August 3, 2011 Magistrate Judge Hegarty issued a Report and Recommendation recommending that the motion to dismiss be granted [#148]. Mr. Kneen filed a timely objection to the recommendation [#155]. Magistrate Judge Hegarty also issued an Order and Recommendation on the Motion to Amend, recommending that the motion be granted in part and denied in part [#183]. Mr. Kneen also objected to this recommendation [#184]. All matters are fully briefed and ripe for review.

1

**Facts**

In his second amended complaint, Mr. Kneen alleges the following facts against Ms. Brizendine and Mr. Smelser ("CCA defendants"). In 1996, Mr. Kneen was diagnosed with Hepatitis B and C during an intake examination at the Colorado Department of Corrections Denver Receptions and Diagnostic Center. At the time, the medical staff told Mr. Kneen that he would need treatment and continued testing. On June 28, 2005, after spending time at several other facilities, Mr. Kneen was transferred to the Crowley County Correctional Facility ("CCCF"), which is owned and operated by the Corrections Corporation of America ("CCA"). At the time Mr. Smelser served as the Warden of CCCF, and Ms. Brizendine was the Health Services Administrator.

When Mr. Kneen arrived at CCF the medical staff was notified of his Hepatitis diagnosis, and Mr. Kneen requested treatment. Mr. Kneen requested treatment on several occasions, but his request was denied by staff because he was told that his virus reflected "minimal activity," and thus did not require treatment. Inmates who wish to start treatment for chronic viral hepatitis must first complete 200 hours of substance abuse courses. Mr. Kneen completed his required hours in early 2008 and again requested treatment. In response, Mr. Kneen was told that he needed to provide certification of his coursework and follow-up again in six months.

In June 2009, Dr. Cabling called Mr. Kneen to the medical facility for what Mr. Kneen assumed would be hepatitis treatment. Instead, Dr. Cabling told Mr. Kneen that he was discontinuing his Prilosec prescription because, according to Mr. Kneen, Mr. Kneen had ordered "jalapeno squeeze cheese" from the prison canteen. Mr. Kneen again requested, and again was denied, treatment for his hepatitis.

On July 29, 2009 Mr. Kneen was found unconscious in the shower at CCCF.  Medical staff at CCCF determined Mr. Kneen had low blood pressure as a result of internal bleeding and transferred him to Pueblo Endoscopy Suites, an outside facility, on August 4, 2009.  There he saw Dr. Atul Vahil who diagnosed Mr. Kneen with "esophageal varicies."  Dr. Vahil performed an upper endoscopy to evaluate and treat Mr. Kneen's esophagus.  Dr. Vahil informed Mr. Kneen that his esophageal varicies was caused by stage IV liver cirrhosis and may have been connected to the discontinuation of Prilosec.  At a follow-up appointment, Dr. Vahil told Mr. Kneen that he would require a liver transplant due to his advanced cirrhosis, which was caused by untreated Hepatitis.  Mr. Kneen alleges that Dr. Vahil did not inform CCCF of his stage IV cirrhosis and need for a liver transplant.  Only after Dr. Cabling requested documentation from Dr. Vahil did he confirm the diagnosis.  In December 2009, Mr. Kneen was transferred to the Colorado Territorial Correctional Facility ("CTCF"), where he is currently housed.

Mr. Kneen, proceeding *pro se*, filed this action on June 3, 2010 [#2].  With regard to Ms. Brizendine and Mr. Smelser, Mr. Kneen brings claims for violation of his Eighth Amendment rights and seeks injunctive relief, as well as nominal damages, actual damages, and $1 million in compensatory damages against each defendant.  Mr. Kneen amended his complaint on July 12, 2010 [#7].  Ms. Brizendine, Mr. Smelser, and Mr. Zavaras and the other CDOC defendants[1] filed motions to dismiss [#37, 50].  Judge Arguello permitted Mr. Kneen to file a second Amended Complaint [#119] and denied the motions to dismiss as moot [#118].  The CCA defendants then renewed their motion to dismiss [#124].  Mr. Kneen responded [#135] and the CCA defendants filed a Reply [#139].  Thereafter, Magistrate Judge Hegarty issued a Report and Recommendation recommending the Court grant the motion [#148].

---

[1] In his Second Amended Complaint, Mr. Kneen voluntarily dropped his claims against all the CDOC defendants, except Mr. Zavaras.

Seeking to cure some of the deficiencies identified in the Second Amended Complaint, Mr. Kneen, know represented by counsel, filed a Motion to Amend [#174].  The CCA defendants filed a response, objecting to the amendments [#177].  Mr. Kneen did not file a reply.  Magistrate Judge Hegarty issued an Order and Recommendation, granting this motion in part and denying it in part [#183].  Mr. Kneen filed an objection [#184], and the CCA defendants filed a response [#188].

**Standard**

Following the issuance of a magistrate judge's recommendation on a dispositive matter the district court judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions."  *Id.*

**Conclusions**

The CCA defendant's pending motions, though filed months apart, deal with many of the same issues.  The CCA defendant's motion to dismiss seeks to dismiss all claims against Ms. Brizendine and Mr. Smelser.  On the basis of the claims outlined in Mr. Kneen's Second Amended Complaint, Magistrate Judge Hegarty recommended that the CCA defendant's motion to dismiss be granted.  Mr. Kneen then obtained counsel who objected to Magistrate Judge Hegarty's recommendation and later filed a Motion to Amend the complaint.  The amendments, at least those objected to by the CCA defendants, deal primarily with additional facts supporting Mr. Kneen's claims against the CCA defendants.  Therefore, because this Court had not yet ruled on the Motion to Dismiss when Mr. Kneen filed his Motion to Amend, the Court must now consider both whether to dismiss the CCA defendants and whether to allow additional facts to be

pled against the CCA defendants.  Although the CCA defendant's Motion to Dismiss was filed

first in time, the Court will first address the Motion to Amend.

Mr. Kneen's desire to amend his complaint was alluded to in his objection to Magistrate

Judge Hegarty's recommendation on the Motion to Dismiss.  In the Motion to Amend [#174]

Mr. Kneen formally requested that he be permitted to amend his complaint "so that the Plaintiff's

claims and legal theories are better delineated and framed and any remaining deficiencies are

cured.  In addition, counsel would like to add a claim for attorney's fees." [#174] at 4.  The CCA

defendants oppose the amendments concerning those claims asserted against them on the basis

that they are unduly delayed, prejudicial, and futile.  The remaining defendants (the CDOC

defendants) do not oppose the motion.

Magistrate Judge Hegarty issued an order and recommendation on Mr. Kneen's motion

on February 2, 2012 [#183].  As Mr. Kneen's request to add attorney's fees was justified in light

of counsel's recent appearance, and not objected to, Magistrate Judge Hegarty granted that

portion of Mr. Kneen's request.  Magistrate Judge Hegarty recommended that this Court deny

the remainder of Mr. Kneen's motion to amend.  Mr. Kneen, through counsel, filed a timely

objection to Magistrate Judge Hegarty's recommendation.  [#184].

Before the Court addresses the CCA defendant's arguments, it should be clarified that the

Court will be considering Mr. Kneen's claims against the CCA defendants as against them in

their individual capacity only.  There has been significant confusion as to whether or not Mr.

Kneen is asserting his Eighth Amendment claims against the CCA defendants in the their official

or individual capacities.  In Mr. Kneen's proposed Third Amended Complaint, he does specify in

his third claim that he is asserting a deliberate indifference claim against Mr. Smelser in both his

individual and official capacity [#174-1] at 13.  Mr. Kneen's Fourth Claim against Ms.

Brizendine is silent as to whether the claim is individual, official, or both.  *Id.* at 14.  On that

basis, Magistrate Judge Hegarty analyzed the claims against the CCA defendants in both their

individual and official capacities.

However, in their objection to Magistrate Judge Hegarty's recommendation Mr. Kneen

clarifies that he only seeks to sue Ms. Brizendine and Mr. Smelser in their individual capacities.

Mr. Kneen clarifies that "Magistrate Judge Hegarty concludes that because Plaintiff is suing the

Defendants in their "official capacities" under §1983, he is actually attempting to impose liability

on their employer, the CCA.  *However, the Plaintiff is suing the Defendants Smelser and*

*Brizendine in their personal capacity.*"  [#184] at 2-3 (emphasis added).  Mr. Kneen further

states that "[t]he Plaintiff is suing Defendants Smelser and Brizendine *in their individual*

*capacities* as supervisors."  *Id.* at 7 (emphasis added).  Further, CCA is no longer a party to this

action.  *See* [#118].  Therefore, this Court will not consider claims against Ms. Brizendine and

Mr. Smelser in their official capacities in this order.  To the extent that any claim ever existed

against the CCA defendants in their official capacities, the Court finds that Mr. Kneen has

voluntarily dismissed those claims.[2]

The CCA defendants object to the amendments on three grounds: (1) the proposed

amendments fail to cure deficiencies; (2) the amendments are futile; and (3) allowing plaintiff to

amend his complaint for a third time will prejudice the CCA defendants.

Under Federal Rule of Civil Procedure 15, a party may amend its pleading more than 21

days after service only "with the opposing party's written consent or the court's leave."  Rule 15

also provides that the "court should freely give leave when justice so requires."  *Id.*  Leave to

---

[2] In his recommendation, Magistrate Judge Hegarty found that the Court lacked subject matter jurisdiction over the proposed amendment to claims against the CCA defendants in their official capacities.  The CCA defendants admit, and this Court finds, that the 11th Amendment does not bar claims against CCA.  To the extent that Magistrate Judge Hegarty's recommendation found that CCA is an arm of the state, and thus entitled to immunity, that finding is overturned.

amend is generally only refused upon a showing of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs. Inc.,* 175 F.3d 848, 859 (10th Cir. 1999) (internal citations omitted).  Therefore, to determine whether Mr. Kneen's amendments are futile, the Court must determine whether the claims would survive a motion to dismiss.

Mr. Kneen seeks to amend his complaint to bring an Eighth Amendment "deliberate indifference" claim against Mr. Smelser, the Warden of the Crowley County Correctional Facility.  Mr. Kneen alleges that Mr. Smelser, as Warden, is responsible for ensuring that all inmates receive adequate medical care.  [#174-1] at ¶33-34.  Mr. Kneen further alleges that Mr. Smelser had a duty to ensure that medical staff under his supervision provided inmates with access to timely medical care, but "failed to supervise and train his employees to fulfill their gatekeeper roles." *Id.* at ¶98-99.  Further, Mr. Kneen alleges that Mr. Smelser condoned the practice of his medical staff routinely to deny and to delay inmates' medical care.  *Id.* at 100.

In order to succeed on his Eighth Amendment claim, Mr. Kneen must allege that prison officials demonstrated "deliberate indifference to a prisoner's serious illness or injury." *Helling v. McKinney*, 509 U.S. 25, 35 (1993).  The "deliberate indifference" test has both an objective and a subjective component. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006).  Here, the CCA defendants allege that Mr. Kneen has failed to allege the subjective component of the

test.  The subjective component requires a plaintiff to demonstrate that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it."  *Id.* at 1159.  The purpose of the subjective component is to determine whether the defendant "had a sufficiently culpable state of mind." *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1022 (10th Cir. 1996).

To establish supervisory liability Mr. Kneen must also allege sufficient facts to support the CCA defendant's personal participation in the alleged constitutional violation.  "Individual liability under §1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).  Mr. Kneen must allege an "affirmative link" between the CCA defendant's conduct and the constitutional violation. *Stidham v. Peace Officer Standards & Training*, 265 F.2d 1165, 1167 (10th Cir. 1991).  Mr. Kneen alleges that Mr. Smelser "denied and delayed" medical treatment by failing to supervise his subordinates.  However, individuals cannot be held liable under §1983 on the basis of supervisory status alone. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008).  Mr. Kneen has not alleged any facts that suggest an affirmative link between Mr. Smelser's supervision and the conduct of Dr. Vahil, Dr. Cabling, or Nurse Carter.  Mr. Kneen has not provided a factual basis that demonstrates that Mr. Smelser's position as a Warden impacted Mr. Kneen's health or the decisions made with regard to his treatment, or lack thereof.  The fact that Mr. Smelser is the Warden at the Crowley County Correctional Facility is insufficient to establish liability under the Eighth Amendment.  Therefore, Mr. Kneen has alleged insufficient facts to support his §1983 claim against Mr. Smelser based on supervisory liability.

In contrast, Mr. Kneen pleads more factual allegations with regard to Ms. Brizendine. Mr. Kneen also brings his claim against Ms. Brizendine as an individual in her supervisory

capacity.  Ms. Brizendine is the Health Administrator for CCCF and is responsible for ensuring that all inmates receive adequate health care.  [#174-1] at ¶ 36.  Many of the allegations asserted against Ms. Brizendine mirror those asserted against Mr. Smelser.  However, Mr. Kneen alleges several important additional facts against Ms. Brizendine.  Mr. Kneen alleges a personal involvement and "affirmative link" in the alleged constitutional violation by stating "Defendant Brizendine was responsible for reviewing prisoner complaints regarding the denial of medical care.  Defendant Brizendine reviewed the Plaintiff's complaints regarding denial and delay of medical care."  *Id.* at ¶108-09.  These allegations, if true, could provide the affirmative link that Mr. Kneen needs to establish supervisory liability.  Mr. Kneen further alleges that "Defendant Brizendine knew that the Plaintiff had been diagnosed with chronic Hepatitis C over ten years ago, had lab results which indicated that treatment was immediately warranted, and had also suffered from Esophageal Varicies, a serious and life threatening complication of cirrhosis."  *Id.* at ¶110.  These allegations provide the basis for the subjective requirement of Mr. Kneen's deliberate indifference claim.  Mr. Kneen has alleged that Ms. Brizendine "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it."  *Callahan,* 471 F.3d at 1159.

Although Mr. Kneen's alleged facts are sparse, the proposed amended complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  As to Ms. Brizendine, Mr. Kneen has set forth a plausible, not merely a possible, claim.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Atwell v. Gabow,* 311 F. Appx. 122, 125 (10th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain factual matter, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  The

proposed amendments to claim four, against Ms. Brizendine, are therefore not futile.

In his Recommendation on the Motion to Dismiss, Magistrate Judge Hegarty found that

Mr. Kneen failed to state a claim upon which relief could be granted as to Mr. Smelser and Ms.

Brizendine [#148].  The CCA defendants argue that the Court should not permit Mr. Kneen to

amend his complaint now, because such amendments fail to cure the deficiencies identified by

Magistrate Judge Hegarty.  The Court agrees with Magistrate Judge Hegarty, and the CCA

defendants, that Mr. Kneen's Second Amended complaint fails to state a claim against both Ms.

Brizendine and Mr. Smelser.  The proposed amended claim asserted against Mr. Smelser fails to

cure the deficiencies identified by Magistrate Judge Hegarty.  However, the claim asserted

against Ms. Brizendine in the proposed Third Amended Complaint does cure those deficiencies.

The CCA defendants also argue that permitting Mr. Kneen to amend his complaint at this

late stage will prejudice them.  This case is quite old – too old in this Court's opinion.

Notwithstanding its age, however, it is still at a relatively early stage of litigation.  Some of the

delay has resulted from the evolution of plaintiff's claims, a moving target that has resulted in

defendants' having to brief their motion to dismiss several times.  However, much of the delay

has not been caused by Mr. Kneen.  Rather, the delay and piling-up of motions has been in large

part due to the Court's slowness in ruling.  Also, the desire of counsel to restate the pro se claims

on what she considers to be a more appropriate legal basis is understandable.  Entry of counsel

into a case of this kind is or should be welcome by opposing counsel and the Court.  In the

circumstances, the Court is not persuaded that leave to amend should be denied on the basis of

undue delay or prejudice.

Because this Court finds that there are sufficient facts to support a claim against Ms. Brizendine, this Court will permit Mr. Kneen to amend his complaint to add the additional facts contained in his proposed third amended complaint. The additional facts proposed for Mr. Smelser in the third claim still fail to state a claim and will not be permitted because they are futile and fail to cure the deficiencies identified by Magistrate Judge Hegarty. As noted by Magistrate Judge Hegarty, none of the defendants objected to Mr. Kneen's request to add a claim for attorney's fees. As there is no objection, and Mr. Kneen has only recently obtained counsel, the Court finds that the request is justified.

**Order**

Accordingly, the Court orders the following:

- Defendants Brizendine and Smelser's Motion to Dismiss [#124] is GRANTED to the extent that the claims against them in the Second Amended Complaint are dismissed without prejudice.

- Magistrate Judge Hegarty's Recommendation [#148] is ADOPTED.

- Defendants Brizendine and Smelser's Renewed Motion to Amend [#174] is GRANTED in part, as to defendants' request for attorney's fees and the claims against Ms. Brizendine; and DENIED in part, as to the claims against Mr. Smelser.

- Magistrate Judge Hegarty's Recommendation [#183] is ADOPTED in PART, with regard to the request for attorney's fees and the denial of claims against Mr. Smelser; and DENIED in PART, with regard to the claims against Ms. Brizendine.

DATED this 7th day of June, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge